**Carolyn GREATHOUSE, Individually and as Executrix of the Estate of C.R. Greathouse, Deceased, David Greathouse, Michael Greathouse, Craig Greathouse**

v.

**AETNA LIFE INSURANCE COMPANY.**

**Civ. A. No. B–89–00869–C.**

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 18, 1990.

Timothy Ferguson, Umphrey, Eddins & Carver, Beaumont, Tex., for plaintiffs.

Gloria Salinas, Maria Boyce, Baker & Botts, Houston, Tex., for defendant.

## MEMORANDUM ORDER

COBB, District Judge.

Plaintiffs Carolyn Greathouse (Greathouse), appearing individually and as executrix of the Estate of C.R. Greathouse (C.R. Greathouse), Deceased, and as next friend of David Greathouse (David), a minor child; and Michael Greathouse (Michael); and Craig Greathouse (Craig), brought this suit under various state and federal theories, seeking recovery of benefits the plaintiffs claim defendant Aetna Life Insurance Company (Aetna) should have paid them. Aetna seeks dismissal of all plaintiffs except Greathouse, and dismissal of all causes of action except that arising under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.* Aetna further seeks summary judgment against Greathouse on her ERISA claim.

This lawsuit is not new to the federal courts. The exact same suit was filed in 1987 in the Texas state courts. It was removed to the United States District Court for the Southern District of Texas, Galveston Division. The removal was based upon ERISA preemption.

In 1988 and 1989, Judge Gibson of the Southern District entered orders dismissing all plaintiffs except Greathouse for lack of standing; *Greathouse v. Aetna Life Ins. Co.,* Cause No. G–87–293 (S.D.Tex. Feb. 29, 1988); dismissing all state law claims based on ERISA pre-emption, *Greathouse,* Cause No. G–87–293 (S.D.Tex. Feb. 29, 1988); and granting Aetna's motion for summary judgment based on Greathouse's failure to exhaust required administrative remedies. *Greathouse,* Cause No. G–87–293 (S.D.Tex. Mar. 22, 1989). The plaintiffs appealed to the United States Court of Appeals for the Fifth Circuit, Docket No. 89–2330. That appeal was abated to give the plaintiffs an opportunity to refile. The time to reinstate that appeal has been extended to December 3, 1990.

Before ruling on the merits of Aetna's motion for summary judgment, this court feels compelled to discuss several aspects of the conduct of plaintiffs and their counsel in this matter. First, Judge Gibson's

orders of February 29, 1988, and March 22, 1989, together with Magistrate Smith's Memorandum and Recommendation, make it abundantly clear that this cause may only proceed as an ERISA action, with only Greathouse as a plaintiff. Despite the fact that these orders were couched in easily understandable terms,[1] on October 2, 1989, all four plaintiffs filed their complaint, including numerous state law claims, in this court. The plaintiffs went so far as to cite diversity of citizenship as the basis for this court's jurisdiction. While it is true that the plaintiffs are Texas residents and Aetna is a Connecticut corporation, having its principal place of business in Connecticut,[2] it is obvious that this court's jurisdiction is properly based upon ERISA, the controlling law of this case.

Looking now to the merits of Aetna's motion for summary judgment, this court finds:

1. Judge Gibson granted summary judgment and dismissed this action last year because the plaintiff had failed to exhaust her administrative remedies. Judge Gibson adopted Magistrate Smith's finding that the plaintiff never filed a claim with Aetna for payment of the benefits she seeks via litigation.

2. To date, plaintiff has still never filed a claim with Aetna for payment of the benefits she seeks.

Accordingly, this court ADOPTS Magistrate Smith's Memorandum and Recommendation in Cause No. G–87–293 (S.D. Tex.); ADOPTS Judge Gibson's order dismissing all plaintiffs except Greathouse for reasons set forth in Judge Gibson's order of February 29, 1988, in Cause No. 87–293 (S.D.Tex.); ADOPTS Judge Gibson's order dismissing all state law claims for reasons set forth in his order dated February 29, 1988, in Cause No. G–87–293 (S.D.Tex.); and GRANTS Aetna's motion for summary judgment based on Greathouse's repeated failure to exhaust administrative remedies, as she is required to do under ERISA. *See Amato v. Bernard,* 618 F.2d 559 (9th Cir. 1980); *Denton v. First National Bank of Waco, Texas,* 765 F.2d 1295 (5th Cir.1985). Judgment is ENTERED for Aetna. The plaintiff's case is DISMISSED with prejudice.

---

1. In fact, this court would point out that the longest word in any of Judge Gibson's orders or Magistrate Smith's Memorandum and Recommendation is "non-participating." This is certainly a word with which one would expect those seeking relief from an insurance company to be familiar.

2. Aetna's citizenship is determined from Aetna's answer in this action. The plaintiffs never attempted in their complaint to actually plead Aetna's citizenship.